# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY LEE CHATMAN, | ) | 1:10-cv-00545-LJO-JLT HC |
| Petitioner, | ) ) | ORDER REQUIRING PETITIONER TO SUBMIT AMENDED PETITION |
| v. | ) ) | (Doc. 1) |
| MATTHEW MARTEL, Warden, | ) ) | THIRTY DAY DEADLINE |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 29, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner, who alleges that he is serving a term of life without the possibility of parole plus a consecutive 25-year-to-life sentence for murder as a result of his conviction in the Superior Court of Tulare County on July 3, 2007, sets forth the following grounds for relief: (1) the jury instruction permitting the jury to find accomplice corroboration upon slight evidence undermines the presumption of innocence; (2) the jury instruction informing the jury that the burden of proof was on the defendant to prove that the witness was an accomplice improperly shifted the burden of proof; (3) insufficient evidence of accomplice corroboration; and (4) the "flight" instruction gave the jurors an unconstitutionally permissive inference of Petitioner's guilt. (Doc. 1, pp. 4-5).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

In the original petition, Petitioner does not sufficiently allege violations of the United States Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable

determination of the facts . . . ." 28 U.S.C. § 2254.

In the legal argument supporting Ground One, Petitioner obliquely argues that "[i]t has been agreed in the Federal Courts that slight evidence instruction in its self [sic] is a reversible [sic] error, for it undermines the presumption of innocence and requirement of proof beyond a reasonable doubt." (Doc. 1, p. 7). Petitioner, however, cites no federal cases supporting such a vague proposition.

Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. Accordingly, Ground One fails to state a federal question.

In the legal argument supporting Ground Two, Petitioner contends merely that the challenged instruction was a "blatant violation of Due Process." However, Petitioner's broad assertion does not transform this claim into a federal one. Merely placing a "due process" label on an alleged violation, without more, does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996).

In his discussion of Ground Three, Petitioner contends that there was insufficient corroborating evidence of an accomplice, but fails to allege that such insufficient evidence violated Petitioner's federal constitutional rights. Nor does Petitioner contend that the state court adjudication of this issue resulted in a decision that was contrary to or an unreasonable application of established federal law.

Ground Four challenges the decision to instruct the jury as to CALCRIM No. 372. Although Petitioner again makes a fleeting reference to due process, he fails to explain how the instruction in fact violated his federal constitutional rights.

Absent a cognizable federal claim, the instructional issues raised by Petitioner are merely questions of state law. The issue of whether a jury instruction is a violation of state law is neither a federal question nor a proper subject for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991). ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

Based on the foregoing, the Court finds that Petitioner does not sufficiently allege violations of the Constitution in his original petition. "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). The grounds contained in the original petition do not "call into question the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Furthermore, Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

However, the Court will grant Petitioner leave to file an amended petition within thirty days of the date of service of this order that clearly sets forth Petitioner's claims as federal constitutional violations.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1.    Petitioner is ORDERED TO AMEND his petition within thirty (30) days of the

date of service of this order. Petitioner is advised that the document should be entitled "Amended Petition for Writ of Habeas Corpus." The amended petition must be complete in itself and it will supercede the original petition. The Court will not consider the original petition or documents attached to it. Petitioner is advised that the amended petition must set forth all of Petitioner's claims, including all the facts and legal arguments in support of those claims. Also, Petitioner must allege federal constitutional violations which are cognizable on federal habeas review; and

2. The Clerk of Court is DIRECTED to send Petitioner forms for filing a petition for writ of habeas corpus.

Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **May 10, 2010**                                               /s/ Jennifer L. Thurston
                                                                                  UNITED STATES MAGISTRATE JUDGE