UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY LEE CHATMAN, | 1:10-cv-00545-LJO-JLT-(HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| MATTHEW MARTEL, | (Doc. 23) |
| Respondent. | |

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings, citing his lack of access to the prison law library, his confinement to the administrative segregation unit, and his psychological condition as grounds therefore. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).

Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Petitioner's lack of access to the prison law library and his confinement in an administrative segregation unit raise issues that are common among many inmates and, to a satisfactory degree, can be remedied by the petitioner's diligent use of the available prison library resources and his wise use of this Court's discretion to grant

additional time where a petitioner's diligence in preparing his court filings is, by itself, insufficient to comply with this Court's deadlines.

Regarding Petitioner's mental condition, Petitioner submits three form documents: (1) a mental health evaluation dated July 28, 2009, indicating that Petitioner has had depression and anxiety issues in the past (Doc. 23, Ex. A); (2) a mental health treatment plan for the year September 16, 2010 through September 16, 2011, indicating that Petitioner was being treated for depression and "sleep issues" (id., Ex. B); and (3) a psychotropic medication consent form dated September 26, 2011.  (Id., Ex. C).

The first two exhibits are not current and therefore provide no useful information about Petitioner's present mental status.  The fact that Petitioner may have had depression, anxiety, and sleep issues in the past are no basis for the Court to conclude that he is currently unable to represent himself in this case.  The final exhibit is simply a consent form.  The Court cannot determine Petitioner's current mental condition based solely on a consent form.  It is Petitioner's burden of proof to establish that he requires the services of an attorney in this case. Exhibit C fails to meet that burden.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is **DENIED.**

IT IS SO ORDERED.

Dated:   **October 12, 2011**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE